# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| KENNETH HEARD, JR., | Case No. 2:19-cv-00673-RFB-DJA |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER** |
| COSTCO WHOLESALE CORPORATION, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Extension of Time to Reply to ECF No. 28 (ECF No. 40) and Plaintiff's Motion for Extension of Time to Reply to ECF No. 31 (ECF No. 41), both filed on October 21, 2019. The Court also considered Defendants' Combined Response (ECF No. 42), filed on October 23, 2019.

### I. BACKGROUND

Plaintiff originally filed his Motion to Quash a third-party subpoena directed at ABC Tow Las Vegas as an emergency motion and requested expedited consideration by the Court due to the fact that the subpoena response was requested by October 7, 2017. (ECF No. 28). The Court declined to consider it on an expedited basis and instead, ordered the responses and replies to be submitted in the normal course while also staying ABC Tow Las Vegas's obligation to respond to the subject subpoena. (ECF No. 29). When Plaintiff filed a second Motion to Quash (ECF No. 31) on the same basis for regarding another third-party subpoena, he did not seek expedited treatment, but did request the same stay be extended to this other subpoena for EOS Fitness. The Court granted a stay of EOS Fitness' obligation to respond to the subpoena until it rules on the second Motion to Quash. (ECF No. 33). Defendants filed their response briefs on October 15, 2019 and October 17, 2019. (ECF Nos. 38-39). As such, Plaintiff's reply briefs were due on October 22 and October 24, 2019.

## II. DISCUSSION

The instant matter is before the Court because now Plaintiff seeks an extension to file reply briefs to both motions to quash. Plaintiff's explanation for the need for an extension until October 31, 2019 is due to commitments in other cases and a personal matter. While the Court appreciates that counsel has duties to other clients and a personal life, it is counsel's responsibility to balance his/her workload. The Court does not look kindly on a request for expedited treatment by the Court, which requires the Court to prioritize this matter over the other more than 600 cases before the Court, while in the next breath counsel asks for an extension to his/her responsibility to submit a reply brief.

Moreover, the request for an extension was filed on October 21, 2019, which is one day prior to the first reply brief's deadline and only three days before the second reply brief's deadline. Plaintiff's explanation of workload obligations does not include any sudden or unexpected commitments. Moreover, despite not having a ruling from the Court, Plaintiff's counsel operated under the assumption that an extension would be granted and to date, has not submitted either reply brief.

Defendants oppose the extension due to Plaintiff's lack of diligence in the last minute filing of these motions. They also allege prejudice to them in that they are waiting on the employment records to take Plaintiff's deposition that had been set for October 23, 2019, but was taken off calendar because of the pending motions to quash.

Apparent in the briefings in this case is a history of communications between counsel that has not been conducive to stipulations to extend deadlines. The Court urges counsel for the parties to cooperate and work together on these issues. Giving full consideration to all of the circumstances, the Court will deny Plaintiff's request to have a new reply brief deadline set for October 31, 2019, but will accord Plaintiff additional time to reply from October 22 and October 24, 2019 to October 30, 2019.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension of Time to Reply to ECF No. 28 (ECF No. 40) is **denied**.

1    IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to Reply to
2 ECF No. 31 (ECF No. 41) is **denied**.
3    IT IS FURTHER ORDERED that Plaintiff's reply briefs shall be due by **October 30,**
4 **2019**.
5    DATED: October 29, 2019

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE