**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KENNETH HEARD, JR., | Case No. 2:19-cv-00673-RFB-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| COSTCO WHOLESALE CORPORATION, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motions to Quash Third-Party Subpoenas (ECF Nos. 28 and 31), filed on October 1, 2019 and October 3, 2019. Defendants filed Responses (ECF Nos. 38-39) on October 15, 2019 and October 17, 2019. Plaintiff filed Replies (ECF Nos. 44-45) on October 30, 2019. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

**I.  BACKGROUND**

The parties are familiar with the facts of this matter and the Court will only repeat them here as necessary. This matter concerns the termination of Plaintiff's employment, which he claims violates the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA") along with Nevada law. Defendants seek information regarding Plaintiff's efforts to obtain employment following his termination via two third-party subpoenas directed at two post-termination employers – ABC Tow and EOS Fitness. Plaintiff seeks to quash the two subsequent employment subpoenas by arguing they are overly broad, invade Plaintiff's privacy, and that Defendants failed to provide the requisite notice prior to issuing the subpoenas. (ECF Nos. 28 and 31). Defendants respond that the subsequent employment records are relevant to its failure to mitigate his alleged damages defense along with its after-acquired evidence defense.

(ECF Nos. 38-39). Plaintiff replies that the subpoenas are a fishing expedition and other discovery devices should be utilized as opposed to third party subpoenas. (ECF Nos. 44-45).

**II.    DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* The court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . [or] the proposed discovery is outside the scope permitted by Rule 26(b)(1). Rule 26(b)(2)(C)(i-iii). Further, a court may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause. When the discovery at issue is a subpoena on a nonparty, Rule 45 governs. "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011).

"[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc*., 2007 WL 119148 at* 4 (D. Nev. Jan. 9, 2007); *compare In re Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. Apr. 30, 2012) (declining to adopt the "personal right or privilege" standing rule for motion to quash subpoenas). "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoenas issued to a non-party, especially where the non-party, itself, has not objected." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4. "A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding

subpoenas issued to non-parties which seek irrelevant information." Fed.R.Civ.P. 26(c)(1); *see also First Am. Title Ins. Co. v. Commerce Assocs., LLC*, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017).

Preliminarily, Plaintiff raises an issue of whether he received proper notice under Rule 45 prior to the issuance of the third-party subpoenas. Defendants argue they provided sufficient notice of the ABC Tow subpoena by serving Plaintiff on September 17, 2019, 20 days prior to the October 7, 2019 compliance date requested in the subpoena. (ECF No. 38, 6). Similarly, Defendants contend they served Plaintiff with notice of the EOS Fitness subpoena on September 23, 2019, which was 21 days prior to the October 14, 2019 compliance date requested in the subpoena. (ECF No. 39, 3). The plain language of Rule 45 requires that Defendant provide prior notice to Plaintiff, which was complied with here. *See, e.g., Morrison v. Quest Diagnostics Inc.*, 2016 WL 362346, at *5 (D. Nev. Jan. 27, 2016) (noting Rule 45 does not contain a 15 day prior notice requirement like the Nevada equivalent Rule 45(b), but rather, just notice to other parties before the subpoenas are served). Moreover, Plaintiff was clearly provided with notice with sufficient time to file her objections before the compliance date in the subpoenas – as evinced by the instant motions. Therefore, the Court declines to quash the subpoenas for failure to provide adequate notice.

Plaintiff seeks to quash the subpoenas at issue on several grounds. First, Plaintiff claims they are not relevant. In support of this argument, Plaintiff cites to non-binding case law from outside of this District – including those that utilized the discovery standard prior to the 2015 amendments of the Federal Rules of Civil Procedure. (ECF Nos. 28 and 31). The Court is not persuaded that the information sought is not relevant to Defendants' mitigation defense, after-acquired evidence defense, or proportional to the need of this case. "When a request is overly broad on its face or when relevancy is not readily apparent . . . the party seeking discovery has the burden to show the relevancy of the request." *McCall v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017) (internal citations omitted).

Here, Defendants have asserted a mitigation defense and they carry the burden of proving that Plaintiff has failed to properly mitigate his damages. *Odima v. Westin Tucson Hotel*, 53 F.3d

1484, 1497 (9th Cir. 1995). The Court finds the request for job applications, resumes, cover letters, offer letters, employment agreements, and termination records to be relevant to Defendants' mitigation defense. In addition, Defendants may discover facts in job performance records or request for accommodations records that weigh towards establishing their after-acquired evidence defense. Importantly, the 2015 amendments to Rule 26 deleted the phrase "reasonably calculated to lead to the discovery of admissible evidence" and replaced it with language that better represents the phrase's original intent: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Rule 26(b)(1). While his job performance at a subsequent employer may not be admissible at trial, that is not the Court's inquiry at this stage. As such, the Court finds that Defendants have carried their burden of demonstrating the relevancy of the limited subsequent employment records at issue here.

Plaintiff also asserts that he has a privacy interest in his personnel records and maintains they are confidential in nature. However, while this may weigh towards standing to object to the third-party subpoenas, a privacy or confidentiality objection is easily resolved by the parties submitting a stipulated protective order for the court's approval. Defendants have represented that they offered to treat these records as confidential under the parties' protective order and that Plaintiff has rejected this offer. (ECF No. 38, 3). Therefore, the Court does not find any privacy or confidential concerns warrant quashing the subpoenas at issue.

In addition, Plaintiff relies on *Cannata v. Wyndham Worldwide Corp.*, 2011 WL 3794254, at *3 (D. Nev. Aug. 25, 2011) in support of his argument that the two subpoenas are overly board and designed merely for fishing. The use of the phrase "fishing expedition" is widely overused. It is important to recognize the scope and limitation of *Cannata*, which involved sixty-six third-party subpoenas for both prior and subsequent employment records. It does not stand for the proposition that a Defendant can never get any employment records from third parties. Rather, it is an important reminder that parties must always carefully tailor a subpoena's scope, both temporally and substantively, and echoes the current proportionality analysis that the Court is required to conduct. "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and other discovery rules." Fed.R.Civ.P. 45 Advisory Committee Notes, 1970

1   Amendment; *see also Hampton v. Steen*, 2014 WL 2949302, at *3 (D.Or. June 27, 2014).

2   Further, the 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits

3   on discovery through increased reliance on the common-sense concept of proportionality."

4       After careful review of the subpoenas at issue, the Court finds that Plaintiff's allegation

5   that the subpoenas are merely fishing for information is meritless. However, the Court finds that

6   their scope exceeds what is proportional to the needs of this case. The job applications, resumes,

7   cover letters, offer letters are discoverable, but the correspondence regarding Plaintiff's job

8   interview and interview notes are not proportional under the circumstances of the defenses

9   alleged. As such, all language after numbers three and four shall be removed from the subpoenas.

10  (ECF No. 28-3, 7 and 31-3, 7). Finally, the Court agrees that third party discovery is not to be

11  used as a means to circumvent Rule 33 or 34, but rather, to the extent that Defendants have found

12  Plaintiff's written discovery responses deficient, they should meet and confer and seek to compel

13  that information in accordance with Rule 37. *See, e.g., McCall v. State Farm Mut. Auto. Ins. Co.*,

14  2017 WL 3174914, at *6 (D. Nev. July 26, 2017)

15      IT IS THEREFORE ORDERED that Plaintiff's Motions to Quash Third-Party Subpoenas

16  (ECF Nos. 28 and 31) are **granted in part and denied in part**.

17      IT IS FURTHER ORDERED that Defendants shall reissue the two subsequent employer

18  subpoenas after narrowly tailoring them consistent with this Order.

20      DATED: January 31, 2020.

                                                DANIEL J. ALBREGTS
                                                UNITED STATES MAGISTRATE JUDGE